UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRIAN PORTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 23-cv-10565-ADB |
| SPECTRUM HEALTHCARE, | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff Brian Porter ("Porter" or "Plaintiff"), initiated this action against Defendant Spectrum Healthcare ("Defendant") while he was incarcerated at M.C.I. Cedar Junction[1] (medium), alleging that he was being denied access to an adequate methadone dose for the treatment of his opioid use disorder. For the reasons set forth below, Porter's motion for leave to proceed *in forma pauperis* is DENIED without prejudice, and he may refile his motion accompanied by a copy of his prison account statement. In addition, Porter's motion for preliminary injunction is DENIED as moot as a consequence of his transfer. However, Porter may file another motion for preliminary injunction if the alleged harm continues at M.C.I Shirley.

---

[1] Porter was subsequently transferred to M.C.I. Shirley (medium).

I.  BACKGROUND

On March 14, 2023, Porter initiated this action by filing a *pro se* complaint, a motion for preliminary injunction, a memorandum of law, and a motion for leave to proceed *in forma pauperis*. *See* Dkt. Nos. 1–4.  Porter filed his complaint using the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts. Dkt. No. 1.  For the basis of jurisdiction, Porter checked the box for "federal question." *Id.* at ¶ II (basis for jurisdiction).  For the statement of claim, Porter alleges that the Defendant is "violating [his] 8th Amendment right to quality of care and causing great pain and suffering., *Id.* at ¶ III (statement of claim), and for relief, he seeks to have Defendant "provide [him] with the proper medical attention and medicine." *Id.* at ¶ II(B)(3).  This action was filed on March 14, 2023, almost two months after Porter signed the complaint on January 23, 2023. *Id.* at ¶ V(A).

The motion for preliminary injunction seeks to have this Court require Defendant and its "nurses, doctors and med techs to provide [Porter] with his proper doses of meth[a]done, [ ] while housed at Walpole prison." Dkt. No. 2 at 1.  Porter's memorandum of law, Dkt. No. 3, asserts that his case is "identical" to that of plaintiff Geoffrey Pesce in *Pesce v. Coppinger*, No. 18-cv-11972, 355 F. Supp. 3d 35 (D. Mass. 2018).  In that case, another session of this court granted injunctive relief to a plaintiff, Pesce, who alleged that a correctional facility's policy of denying inmates access to methadone for the treatment of opioid use disorder violated his rights under the Americans with Disabilities Act ("the ADA") and the Eighth Amendment. *Id.*

II.  MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As noted above, Porter filed this action along with a motion for leave to proceed *in forma pauperis*.  Dkt. No. 4.  He did not, however, provide a certified prison account statement. Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing

fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[2]

Because Porter's motion for leave to proceed *in forma pauperis* is not accompanied by his prison account statement, it is <u>DENIED</u> without prejudice. Porter may refile his motion accompanied by a copy of his prison account statement for the 6-month period immediately preceding the filing of the complaint.

The Clerk shall also send a copy of this Memorandum and Order to the Treasurer's Office at the prison facility where Plaintiff is incarcerated, to facilitate any request for his certified prison account statement. The Court further requests that the Treasurer's Office include, in any prison account statement, (1) Porter's average monthly deposits for the six-month period preceding March 14, 2023 and (2) the average monthly balance for that same period.

### III.   MOTION FOR PRELIMINARY INJUNCTION

The Court may issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Here, Porter has not provided notice to the Defendant. More significantly, Porter's transfer from M.C.I. Cedar Junction to M.C.I. Shirley moots his claims for injunction relief concerning his treatment (or lack thereof) at the transferring facility. *See Reaves v. Dep't of Corr.*, 392 F. Supp. 3d 195, 210 (D. Mass. 2019) (citing *Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014) ("A prisoner's challenge to prison conditions or policies is generally rendered moot

---

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

by his transfer or release."); *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("[A] transfer from a prison facility moots an action for injunctive relief against the transferring facility.")).

## IV.   CONCLUSION

Accordingly:

1. The motion for leave to proceed *in forma pauperis*, Dkt. No. 4, is DENIED without prejudice and Porter may refile his motion accompanied by a copy of his prison account statement for the preceding 6 months.

2. If Porter wishes to proceed with this action, within 42 days of the date of this Memorandum and Order, Porter shall file a renewed motion for leave to proceed *in forma pauperis* with a copy of his certified prison account statement.  If Porter fails to do so, this action will be subject to dismissal without prejudice.  The Clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at M.C.I. Shirley (medium) in order to facilitate any request by the Porter for his certified prison account statement.  The Court requests that the Treasurer's Office include, in any prison account statement, the Plaintiff's average monthly deposits for the six-month period preceding March 14, 2023, as well as the average monthly balance for that same period.

3. The motion for preliminary injunction, Dkt. No. 2, is DENIED as moot.  Porter may file another motion for a preliminary injunction if the alleged harm continues at M.C.I. Shirley.

4. The Clerk shall update Porter's address on the docket as follows: Brian Porter, W115193, MCI Shirley (medium), P.O. Box 1218, Shirley, MA  01464.

**SO ORDERED.**

April 10, 2023                                         / Honorable Allison D. Burroughs
                                                       ALLISON D. BURROUGHS
                                                       U.S. DISTRICT JUDGE